# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK-ALONZO WILLIAMS,           )
                                )
    Plaintiff,             )  Civil Action No. 17-251 Erie
                                )
  v.                            )
                                )  District Judge Susan Paradise Baxter
MICHAEL D. OVERMYER, et al.,    )  Magistrate Judge Richard A. Lanzillo
                                )
    Defendants.            )

## MEMORANDUM ORDER

Plaintiff Mark-Alonzo Williams ("Plaintiff"), acting *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 18, 2017. ECF No. 1. On February 15, 2018, the undersigned issued a Report and Recommendation that summary judgment be granted in favor of Defendants and against Plaintiff based on Plaintiff's failure to properly exhaust his claims. In the meantime, the following non-dispositive motions remain pending:

    (1) Second Memorandum of Law in Support for Court Sanctions (ECF No. 113)

    (2) Motion to Amend/Correct Supplement Amended Complaint (ECF No. 130)

    (3) Motion for Leave to File Grievance History (ECF No. 134)

    (4) Motion for Leave to File Amended Complaint adding a party (ECF No. 135)

Defendants have responded to each motion. ECF Nos. 117, 120, 124, 139, 140. Each will be addressed in turn.

    **I.**    **Motion for Sanctions (ECF No. 113)**

1

In his motion for sanctions, Plaintiff accuses defense counsel of violating Rule 1 of the Federal Rules of Civil Procedure[1] by failing to disclose several grievances and other exhibits requested during discovery. Id. Plaintiff suggests that counsel intentionally withheld relevant evidence and asks the Court to hold defense counsel in contempt, award Plaintiff fees and expenses, and grant summary judgment in his favor. Id. at 14.

Defendants, in response, state that they have provided all of the documents identified in Plaintiff's motion that they were aware of and which are relevant to this lawsuit. ECF No. 117, 120, 124. Notwithstanding their objections based on relevance, Defendants further supplemented the record in response to Plaintiff's motion by providing him with additional copies of several of the documents at issue. Id. Plaintiff has not adduced any evidence suggesting that Defendants failed to respond to his discovery requests in good faith or withheld documents unreasonably. Moreover, the Court has already granted Plaintiff an additional period of time – over two months, in fact – in which to supplement his response to Defendants' summary judgment motions after receiving those additional exhibits. See ECF No. 145 (acknowledging that the Court would consider Plaintiff's Supplemental Response filed on December 10, 2018).

Based on the foregoing, it appears that Plaintiff ultimately received all of the documents that he sought and that each of those documents was received in time for Plaintiff to fully respond to Defendants' dispositive motions. Moreover, because the Court has considered all of Plaintiff's submissions, Plaintiff has not been prejudiced by any delay in providing the

---

[1] Although Plaintiff cites Rule 1, it is more likely that he intended to cite either Rule 11 (relating to representations made in papers filed with the Court), Rule 26(g) (relating to improper certification of a discovery response), or Rule 37(a)(3)(B)(iv) (permitting sanctions when a party fails to produce documents as requested). Rule 1 simply defines the scope and purpose of the Federal Rules. Fed. R. Civ. P. 1.

documents at issue. As such, the Court finds that Plaintiff has not demonstrated the type of "exceptional circumstances" that must exist before sanctions are warranted. Doering v. Union City Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988). Plaintiff's Motion is **DENIED**.

**II.     Motion to Amend/Correct/Supplement Amended Complaint (ECF No. 130)**

Plaintiff's next motion simply requests that the Court consider grievance 715792 in conjunction with the rest of his exhibits for purposes of demonstrating exhaustion. This grievance was already submitted by Plaintiff in his response to Defendants' Motion to Dismiss/Summary Judgment (see ECF No. 121-18) and has already been considered by the Court in the course of issuing its Report and Recommendation. See ECF No. 148 at 10. Because Plaintiff has already received the relief requested, Plaintiff's motion is **DENIED** as moot.

**III.    Motion for Leave to File Grievance History (ECF No. 134)**

Although largely incomprehensible, this motion appears to suggest that Plaintiff believes that officials at SCI-Huntingdon were interfering with his mail. Plaintiff suggests, *inter alia*, that the Court should appoint an ombudsman to investigate the handling of legal mail at SCI-Huntingdon. Plaintiff has not cited any authority in support of this request, nor does his Amended Complaint raise any allegations concerning the mail handling at SCI-Huntingdon. This motion is **DENIED**.

### IV. Motion for Leave to Add a Party (ECF No. 135)

Plaintiff's final motion requests leave to add an additional DOC staff member, J. Sheesley, as a Defendant. ECF No. 135. Plaintiff asserts that Sheesley was a participant in the misconduct identified in grievances 712792 and 657663.

Although leave to amend should ordinarily be "freely given," Shave v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)), an amendment is properly denied if the proposed amendment "would be futile." City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018). In this instance, both of the grievances referenced by Plaintiff were already identified and analyzed in the Report and Recommendation. See ECF No. 148 at 10 (concluding that the allegations set forth in grievances 712792 and 657663 were not properly exhausted because they did not request any relief at the institutional level that Plaintiff sought in this lawsuit). As noted therein, grievance 712792 does not contain any request for relief, while grievance 657663 requests a form of relief that has already been provided to Plaintiff, to wit, a transfer to a different institution. Plaintiff's attempt to attach an additional defendant to a claim that has already been dismissed would be futile. Plaintiff's motion to amend is **DENIED**.

**IT IS SO ORDERED.**

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: February 15, 2019