IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK-ALONZO WILLIAMS, <br><br> Plaintiff <br><br> v. <br><br> MICHAEL D. OVERMYER, et al, <br><br> Defendants | Case No. 1:17-cv-251 <br><br> UNITED STATES DISTRICT JUDGE <br> SUSAN PARADISE BAXTER <br><br> MEMORANDUM OPINION AND <br> ORDER ON PLAINTIFF'S MOTION FOR <br> INJUNCTIVE RELIEF [ECF NO. 194] |

I. Introduction

Plaintiff Mark-Alonzo Williams, an inmate currently incarcerated at State Correctional Institution at Huntingdon ("SCI-Huntingdon"), initiated this Section 1983 action based on events that allegedly occurred during his prior confinement at the State Correctional Institution at Forest ("SCI-Forest"). As Defendants, Plaintiff named a host of SCI-Forest employees and officials including Superintendent Michael D. Overmyer, Deputy Superintendent John W. Sawtelle, and Deputy Superintendent Derek F. Oberlander. ECF No. 61. Plaintiff's claims included the following:

1) DOC officials doctored his prison records to remove his inmate separations and then placed him in the same cell with a violent gang member despite Plaintiff's single cell status;

2) Various Defendants sexually harassed or assaulted him;

3) Medical staff at SCI-Forest provided inadequate medical treatment; and

4) DOC officials operated as a "cabal" to punish and oppress Plaintiff by labeling him a problem inmate, placing him in a cold isolation cell, and attempting to place him in a behavior modification program.

1

*See generally* ECF No. 61.

Presently pending is Plaintiff's Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction. ECF No. 194. In his motion, Plaintiff contends that officials at SCI-Huntingdon placed Plaintiff in the same cell as another inmate, Thomas Robinson, who posed a threat to Plaintiff's security. ECF No. 194. Plaintiff maintains that he should have been housed at a different institution from Robinson but that unidentified individuals refused or neglected to enter the separation order in hopes that Robinson would assault Plaintiff. *Id.* Plaintiff concedes that Robinson "let them down" and failed to assault him. *Id.* Although Plaintiff references SCI-Forest Superintendent Overmyer and another Defendant, James C. Barnacle, as conspirators in this scheme, his complaints are primarily targeted at SCI-Huntingdon officials who are not defendants in this action.

II.     Analysis

Temporary restraining orders and preliminary injunctions are governed under the same standard. The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). In the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of

prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *Id.* (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A district court "should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

In the instant case, the operative pleading, Plaintiff's second amended complaint, was filed on March 27, 2018. ECF No. 61. Each of the allegations in that pleading relate to actions undertaken by officials at SCI-Forest prior to that date. In contrast, Plaintiff's TRO motion invokes an inmate-separation issue that arose at SCI-Huntingdon in October 2019, almost nineteen months after the events described in his second amended complaint. His accusations primarily target officials at SCI-Huntingdon who are not parties to this action and center on Plaintiff's interactions with an individual, Thomas Robinson, who does not appear to be mentioned anywhere in Plaintiff's pleadings. In short, the allegations in the TRO motion are wholly disconnected from the underlying claims in Plaintiff's second amended complaint. Under such circumstances, injunctive relief is plainly inappropriate. *See, e.g., Ball*, 396 Fed.

3

Appx. at 837 (requiring "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint" in order for preliminary injunctive relief to be granted); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000) (affirming denial of injunction where plaintiffs' alleged harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction afford"); *Stewart v. Verano*, 2015 WL 1636124, at *2 (M.D. Pa. Apr. 8, 2015) ("In sum, a federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters are wholly unrelated to the underlying complaint."). To the extent that Plaintiff wishes to pursue claims based on these unrelated matters, he must do so by filing a separate civil action against the appropriate defendants.

III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction [ECF No. 194] is DENIED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Dated: February 11, 2020