# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK-ALONZO WILLIAMS,<br>Plaintiff,<br><br>v.<br><br>MICHAEL OVERMYER, et al.,<br>Defendants. | Case No. 1:17-cv-251<br>District Judge Baxter<br>Magistrate Judge Lanzillo |

## MEMORANDUM ORDER

### I.  Procedural History

This action, received by the Clerk of Court on September 18, 2017, was originally assigned to District Judge Cathy Bissoon and Magistrate Judge Lisa Lenihan. In September 2018, the case was reassigned to the undersigned and referred to Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff, an inmate acting pro se, names thirteen Defendants and alleges that they acted together and separately in various ways to violate his constitutional rights during his incarceration at SCI Forest.

Defendant Sutherland and the Commonwealth Defendants filed separate motions to dismiss with attached exhibits. ECF No. 84; ECF No. 91. Plaintiff filed Opposition briefs to both motions. ECF No. 96; ECF No. 99; ECF No. 121.

On February 15, 2019, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that both motions to dismiss be granted and that all of Plaintiff's many claims be

1

dismissed because of his failure to exhaust his administrative remedies. ECF No. 148. Plaintiff objected to the Report and Recommendation. ECF No. 153.

In his Objections, Plaintiff claimed, among other things, that the Commonwealth Defendants did not serve him with all the exhibits in support of the motion to dismiss.[1] Because Plaintiff was not served with all relevant information, the undersigned did not adopt the Report and Recommendation and remanded the matter to Magistrate Judge Lanzillo. Judge Lanzillo directed the Defendants "may, if they so desire, resubmit their motions to dismiss and/or for summary judgment. … Should they elect to re-file their motions, Defendants should take all practical steps to ensure that Plaintiff receives each and every exhibit relied upon therein so that he can offer an informed and meaningful response to Defendants' arguments. Plaintiff will be given until May 10, 2019 in which to file a response." ECF No. 158.

Defendants re-filed their motions to dismiss. ECF No. 159 (Defendant Sutherland); ECF No. 164 (Department of Corrections Defendants). In their short dispositive motion, the Department of Corrections Defendants argued that: 1) all claims and all Defendants should be dismissed due to Plaintiff's failure to exhaust his administrative remedies; 2) any requests for injunctive relief should be dismissed as moot; and 3) all claims should be dismissed based on Plaintiff's lack of a liberty interest. ECF No. 165. The failure to exhaust argument is limited to a review of the twenty-five grievances specifically mentioned in the Amended Complaint. ECF No. 165, page 7. Meanwhile, Defendant Sutherland argued for dismissal based on Plaintiff's failure to exhaust and his failure to state an Eighth Amendment claim. ECF No. 160.

---

[1] Plaintiff claimed that the Commonwealth Defendants failed to include the Declaration of Michael Bell, the Grievance Officer at SOIGA, in the copy served on him. In his Recommendation, Magistrate Judge Lanzillo cited the Bell Declaration finding that Plaintiff had not properly exhausted his administrative remedies as to any legal claim in the Amended Complaint reporting that "Plaintiff has not submitted any evidence to refute Bell's declaration." ECF No. 148, page 9.

Plaintiff failed to file an opposition brief, but did file two Proposed Amended "Curative" Complaints. ECF No. 168 (against Sutherland); ECF No. 169 (against Department of Corrections Defendants). Judge Lanzillo construed these filings as requests for leave to amend. *See* ECF No. 170.

Plaintiff filed Objections to the Report and Recommendation, along with evidence in support of his arguments. ECF No. 189. Defendant Sutherland filed a Response to the Objections. ECF No. 196. Because, as stated above, Defendants attacked exhaustion by only reviewing the grievances mentioned in Plaintiff's pleadings and not by their own search of the records held by them, as is their burden, this Court ordered a response to Plaintiff's Objections. **Despite being ordered to do so by this Court**, the Attorney General's office has failed to file a Response to the Objections on behalf of the Department of Corrections. *See* ECF No. 190.

### II. Plaintiff's Amended Complaint

In his operative complaint, Plaintiff makes a host of legal claims. First, Plaintiff alleges that the Department of Corrections Defendants deliberately altered separation orders from other inmates for the purpose of forcing him into violent encounters with other inmates. ECF No. 61. The Department of Corrections Defendants also ignored the fact that several other inmates at SCI Forest had put out contracts on his life.

Next, Plaintiff alleges that Defendant Barnes sexually harassed him in an undisclosed manner and that the other Department of Corrections Defendants acted in concert to cover up Barnes' behavior and derail Plaintiff's attempt to initiate a complaint pursuant to the Prison Rape Elimination Act.

Plaintiff also alleges that he received inadequate medical treatment while incarcerated at SCI Forest. Specifically, he alleges that Defendant Sutherland misdiagnosed a stroke as sciatica, failed to provide him with medications for self-diagnosed high blood pressure, and ignored his requests for medical and dental treatment. In addition, Defendant Avenali ignored and/or refused to follow up with Plaintiff's frequent complaints of chest pain, failed to personally examine him, and forced Plaintiff to strip naked while Avenali read his vitals out loud for other inmates to hear so as to "shame" him out of "proper health care."

In November 2016, Defendant Smead sprayed pepper spray under Plaintiff's cell door.

On April 29, 2017, Defendant Reddinger delivered Plaintiff's lunch tray with a crushed milk carton covered in feces. Reddinger later hindered Plaintiff's attempts to file grievances related to the incident.

In addition to the specific events described above, Plaintiff generally avers that the Department of Corrections Defendants operated as a "cabal" to punish him by labeling him a problem inmate, placing him in a cold isolation cell, and attempting to place him in a behavior modification program. The Department of Corrections Defendants also stripped him of "good time" credits, took away his visitation rights and other privileges, engaged in a campaign of harassment and retaliation, and conspired to undermine his misconduct appeals and subverted the mandates of the Prison Rape Elimination Act.

Plaintiff also alleges that he "used the prison grievance system" to try to solve his problems. ECF No. 61, page 16. In support of this allegation, Plaintiff attached sixty-eight pages of exhibits some of which are grievances related to the legal claims in this case.

### III. The Pending Report and Recommendation

Magistrate Judge Lanzillo issued a Report and Recommendation on November 15, 2019, recommending that summary judgment be granted in full and that the requests for leave to amend be denied. ECF No. 184.

Plaintiff's requests for equitable relief, such as transfer to a different prison or a separation from a Department of Corrections employee, were deemed moot because of Plaintiff's subsequent transfer out of SCI Forest. The remainder of the Report and Recommendation is based on Plaintiff's failure to properly exhaust his administrative remedies in accordance with the requirements of the PLRA. In analyzing the exhaustion defense, the Report and Recommendation thoroughly examined Plaintiff's grievance history as provided by Defendants and concluded that he had not properly exhausted his administrative remedies as to any of his multiple legal claims.

The Federal Rules of Civil Procedure dictate that upon the filing of objections, "the district court reviews the magistrate [judge's] ruling on a non-dispositive motion under a clearly erroneous standard, while dispositive recommendations are reviewed *de novo*." *Kenny v. United States*, 489 Fed. App'x 628, 630 n.2 (3d Cir. July 19, 2012) *citing* Fed.R.Civ.P. 72.

## IV. The Objections to the Recommendation on Motions to Dismiss

Plaintiff raises eight Objections related to the recommendation of the dispositive motions which are reviewed *de novo*[2]. Some of Plaintiff's Objections are re-argument from his original brief in opposition to the motions to dismiss, and so need not be specifically addressed here.

---

[2] *See* 28 U.S.C. § 636(b)(1)(A) (list of eight types of dispositive motions requiring a report and recommendation to a district judge).

5

First, Plaintiff complains that the Report and Recommendation fails to address five grievances: 806638, 661960, 661328, 671176[3], and B978002. Plaintiff is mistaken about 661328 and 661960 which are both addressed by Judge Lanzillo. *See* ECF No. 184, pages 14-15. As to Grievance B978002, Plaintiff is correct that it is not mentioned in the Report and Recommendation. However, because final review of this grievance was completed four months **after** the filing of the operative complaint, whether Grievance B978002 is exhausted is irrelevant to any legal analysis here. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under § 1983 … by a prisoner … until such administrative remedies as are available are exhausted."); *Millbrook v. U.S.*, 8 F. Supp. 3d 601, 611 (M.D. Pa. 2014) ("Exhaustion must occur *prior to filing suit, not while the suit is pending*." (internal citation omitted) (emphasis added)).

Plaintiff is correct that Grievance Numbers 806638 and 671176 are not mentioned in the Report and Recommendation. In support of his Objections, Plaintiff has included the Final Appeal Dismissal of 806638 [ECF No. 189-12, page 1] and the initial Rejection of 671176 [ECF No. 189-18, pages 1-2].[4] This appears to be new evidence which was not before the Magistrate Judge and so was not addressed in the Report and Recommendation. The undersigned is loath to examine new evidence which was not before the Magistrate Judge. The Court's uneasiness in this regard is compounded by the Department of Corrections' failure to respond to Plaintiff's Objections. This issue of whether Plaintiff fully and properly exhausted these two grievances and

---

[3] Plaintiff identifies this grievance as 67116 throughout his Objections. This Court believes that number is a typo based on the undersigned's experience with the practice of six-digit numbering of grievances by the Department of Corrections, as well as Plaintiff's evidence at ECF No. 189-18 listing the number as 671176.

[4] Plaintiff has not included the entire grievance file for either 806638 or 671176, but, of course, it is not his burden to do so.

whether the subject matter of the grievances relates to any of the legal claims of the Amended Complaint is an issue not before the Court in this R & R review, but one that needs to be determined in this matter. Information not given to the Magistrate Judge and therefore not part of the R & R being reviewed is not appropriately before the District Judge here.

Next, Plaintiff complains about the ten grievances held to be unexhausted based on Plaintiff's failure to request monetary damages.[5] Plaintiff argues that Magistrate Judge Lanzillo erred in failing to recognize the differences in the grievance procedures laid out in DC-ADM 802 and DC-ADM 804. ECF No. 189, page 7. Plaintiff claims that only DC-ADM 804, which concerns the general inmate grievance system, mandates that grievances request monetary relief[6], while DC-ADM 802, which governs Administrative Custody Procedures, does not.

The Department of Corrections has "three mutually exclusive procedural avenues for grieving various complaints. … These three policies are designed to address specific issues which may arise in connection with an inmate's confinement. One administrative policy may not be substituted for another." *Washington-El v. Beard*, 2013 WL 1314528, at *4 (W.D. Pa. Feb.26, 2013) (discussing DC-ADM 801, DC-ADM 802, and DC-ADM 804). The Declaration of Grievance Officer Michael Bell [ECF No. 92-2] summarizes Plaintiff's prolific use of the DC-ADM 804 process but does not provide any details on Plaintiff's use of the DC-ADM 802 process. Because some of Plaintiff's legal claims arise out of his placement in administrative custody, DC-ADM 802 policy may apply.[7] Without a response from the Department of

---

[5] Magistrate Judge Lanzillo found that because they failed to request monetary relief, ten grievances were not properly exhausted. *See* ECF No. 184, page 11 n.6. The ten grievances are 648641, 656650, 657667, 662345, 662349, 667910, 670941, 652347, 654478, and 712792.

[6] *See* DC-ADM 804 § 1(A)11(d).

[7] Plaintiff has attached two DC-ADM 802 grievances to this Amended Complaint. *See* ECF No. 61-10, pages 14, 19.

7

Corrections Defendants, it is impossible on the present record for this Court to determine whether Plaintiff properly exhausted any 802-type grievances related to any of the legal claims in this lawsuit. However, of the ten grievances that Magistrate Judge Lanzillo recommended for dismissal due to failure to request monetary relief, all ten are filed on the DC-ADM 804 forms and so are not properly exhausted. It is possible that there may be other 802 grievances which were properly exhausted.

Next, Plaintiff argues that Magistrate Judge Lanzillo erred in recommending that the claims for equitable relief be dismissed as moot. Plaintiff argues that prison officials, like inmates, are frequently transferred and so it is possible that he may encounter some of these individuals in the future in another prison. However, the mere possibility that Plaintiff may encounter an employee or inmate at another prison in the future is too speculative to provide the basis upon which to grant equitable relief. *See Mladenov v. Wegmans Food Markets, Inc*., 124 F. Supp. 3d 360, 379 (D.N.J. 2015) ("[B]ecause injunctions regulate future conduct, a party seeking prospective injunctive relief must demonstrate a real and immediate as opposed to a merely speculative or hypothetical threat of future harm." (internal citation omitted)).

### V. The Objections to the Denial of Request for Leave to Amend

Finally, Plaintiff objects to the denial of the opportunity to amend. Judge Lanzillo found undue delay based on Plaintiff's four attempts over two years to "craft a viable pleading" all while without new facts. Judge Lanzillo found unfair prejudice to the Defendants because Plaintiff's proposed amendments represented the "quintessential moving target." ECF No. 184. Moreover, Lanzillo found that the proposed amendments could cure Plaintiff's failure to exhaust his administrative remedies.

Motions to amend can be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Fed.R.Civ.P. 15. There is nothing in Judge Lanzillo's ruling that is either clearly erroneous or contrary to law. This Court unreservedly agrees with the holding on undue delay and unfair prejudice; however, in light of the new evidence on exhaustion and Defendants' failure to respond to it, futility may need to be re-examined.

AND NOW, this 23rd day of March, 2020;

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo issued on November 15, 2019 [ECF No. 184] is not adopted because of new information provided to the District Judge on Objections. Therefore, the matter is returned to the Magistrate Judge for further proceedings consistent with this Opinion. The motions to dismiss or for summary judgment [ECF No.159; ECF No. 164] are denied.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge