**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK-ALONZO WILLIAMS, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 1:17-CV-0251 |
| ) | |
| ) | |
| MICHAEL D. OVERMYER, et al, ) | RE: Motion for Reconsideration |
|     Defendants. ) | ECF No. 238 |

**MEMORANDUM ORDER[1]**

Pending before this Court is Plaintiff's motion for reconsideration. ECF No. 238.

*Defendants' Motions to Dismiss or for Summary Judgment*

In April 2019, Defendants filed dispositive motions in this case. *See* ECF No. 159; ECF No. 164. Judge Lanzillo filed a Report and Recommendation which recommended the granting of those motions and denying leave to further amend the complaint. *See* ECF No. 184. Plaintiff filed Objections thereto. *See* ECF No. 189. By Memorandum Order filed March 23, 2020, the undersigned remanded the matter back to Magistrate Judge Lanzillo because of new information contained in the Objections. The Report and Recommendation was <u>not adopted</u>. *See* ECF No. 203.

*Plaintiff's Motion for Injunctive Relief*

In February 2020, Plaintiff filed a motion for temporary restraining order in which he requested an order "against Warden Kauffman in order to compel him to carry-out the OPM

---

[1] This prisoner civil rights complaint was received by the Clerk of Court on September 18, 2017. This matter was later referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

1

authorized/approved transfer referral that will send Plaintiff to another SCI forthwith, and compel him to transmit the reports and data he suppressing [sic] from the PA Department of Pardons and Probation." ECF No. 199. This was at least the fourth motion for preliminary injunctive relief that Plaintiff filed during the pendency of this action and Warden Kauffman was not a named defendant in this action.

At the same time, Plaintiff filed a motion seeking leave to further amend his complaint. ECF No. 200. Although no amended complaint was attached to the motion, Plaintiff explained that he sought to allege that SCI Huntingdon officials conspired with SCI Forest officials to violate his constitutional rights. Plaintiff had previously sought to amend his original complaint several times. The operative complaint remained the Second Amended Complaint. *See* ECF No. 61.

On April 8, 2020, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that Plaintiff's motion for temporary restraining order be denied as the request for injunctive relief was unrelated to the factual allegations of the underlying complaint. *See* ECF No. 208. Judge Lanzillo also recommended that a motion for leave to further amend the Second Amended Complaint be denied because no proposed amended complaint was attached and because any incidents at SCI Huntingdon had no temporal or substantive connection to the underlying claims in this action.

Petitioner filed Objections to the Report and Recommendation. *See* ECF No. 211. Plaintiff argued that Judge Lanzillo misunderstood his request for injunctive relief. Plaintiff claimed that his request for injunctive relief was related to the factual allegations of his underlying complaint due to a conspiracy between officials at SCI Forest and officials at SCI

2

Huntingdon. Plaintiff further argued that he should be allowed to amend his complaint to add unnamed Huntingdon officials.

In April 2020, after the filing of the Report and Recommendation and Objections thereto, Defendants requested that this case be temporarily stayed and administratively closed due to the stay-at-home order issued by Governor Wolf in response to the COVID-19 pandemic. *See* ECF No. 217. Judge Lanzillo granted that motion. On July 13, 2020, the case was re-opened and the stay lifted. *See* ECF No. 229. After *de novo* review of the motion for temporary restraining order and motion to amend, together with the report and recommendation and objections thereto, the undersigned adopted the Report and Recommendation [ECF No. 208] in its entirety as the opinion of this Court. *See* ECF No. 234.

*The Instant Motion for Reconsideration*

Plaintiff then filed the instant Motion for Reconsideration [ECF No. 238] and a Brief for a More Definitive Statement [ECF No. 239]. In these filings, Plaintiff requests that the Court reconsider its order [at ECF No. 234] "finding summary judgment in favor of the Defendants as the adopted opinion of the Court when that opinion had been overturned prior to the stay being lifted on 13th July 2020." ECF No. 238.

Plaintiff has confused some of his numerous filings in this case. The Order to which Plaintiff requests reconsideration (at ECF No. 234) addresses 1) Plaintiff's motion for temporary restraining order and 2) Plaintiff's motion to amend. It does not address any motion for summary judgment or "find summary judgment in favor of the Defendants." Furthermore, the Court has

not found that summary judgment is appropriate in favor of Defendants in any other opinion. There is nothing for this Court to reconsider.[2]

The present procedural posture of this case is as follows: The Second Amended Complaint [ECF No. 61] remains the operative complaint and the discovery deadline has recently been extended by Judge Lanzillo. *See* ECF No. 269. There are no dispositive motions pending currently.

The following order is entered:

AND NOW, this 10th day of December 2020;

IT IS HEREBY ORDERED that the motion for reconsideration [ECF No. 238] is DISMISSED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[2] Motions for reconsideration are "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). The standard for granting such a motion is stringent. *Redding v. Estate of Sugarman*, 2012 WL 13005594, at *1 n1 (E.D. Pa. 2012). Plaintiff has filed at least six motions styled as motions for reconsideration throughout the pendency of this matter. *See* ECF No. 17; 110; 127; 152; 226; and 238.