IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK-ALONZO WILLIAMS,<br>    Plaintiff | )<br>)<br>) |
| vs. | )    C.A.No. 17-cv-251 |
| | ) |
| MICHAEL D. OVERMYER, et al,<br>    Defendants. | )    **District Judge Baxter**<br>)    **Magistrate Judge Lanzillo** |

## MEMORANDUM ORDER

Presently before this Court is Plaintiff's "Objection to the Magistrate Judge's Status Conference Phone Call." ECF No. 392.

On July 13, 2022, Magistrate Judge Richard Lanzillo conducted a telephonic status conference in which he ruled on motions and laid out a procedural schedule to move this aged case forward, particularly regarding the as-yet-unresolved issue of exhaustion under the Prison Litigation Reform Act. ECF No. 387. Plaintiff claims that Judge Lanzillo abused his discretion and was unfair to him. However, as evidenced by the relief he seeks in this filing[1], Plaintiff

---

[1] As relief, Plaintiff requests that this Court:

    (1) Permit legitimate procedural due process and allow Plaintiff to call (3) fact witnesses namely inmates: Angel Rivera, Thomas Robinson, and Eric Maple to testify in relation to but not exclusive to exhaustion;
    (2) Permit an evidentiary hearing to convene with (14) days after receiving these objections;
    (3) Disband the defacto 60 days discovery phase afforded the deputy attorney general in the interest of his caseload not justice;
    (4) Impose the severe sanctions that the magistrate judge threatened in vane [sic] on the Department of Corrections Defendants and deputy attorney general for the reasons stated in Plaintiff's third argument; and/or
    (5) Compel Deputy Attorney Gayle to enter into mediation with Plaintiff to settle the case with remedies in tow;

1

wishes the undersigned to direct Judge Lanzillo to handle the unresolved issue of exhaustion in a different manner.

This Court has reviewed a draft of the transcript of the July 13th hearing and finds that none of Judge Lanzillo's rulings and nothing in Judge Lanzillo's schedule to move this case toward resolution of the exhaustion issue are either "clearly erroneous" or "contrary to law."[2] *See* Fed.R.Civ.P. 72(a). Accordingly,

AND NOW, this 26th day of September, 2022;

IT IS HEREBY ORDERED that Plaintiff's Objections [ECF No. 392] are denied as the Order to which he objects is neither clearly erroneous nor contrary to law. *See* Fed.R.Civ.P. 72(a).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

(6) Compel the U.S. Clerk of court to enter a docket notice which specifies the docket number(s) that reference Plaintiff's summary judgment package and all of its exhibits (so titled) against the Department of Corrections Defendants, and
(7) Approve of a court-appointed attorney to assist Plaintiff in any future hearings or mediation or trial proceeding.

[2] Furthermore, Judge Lanzillo expressed his concern "that the Attorney General's office is either not taking this case seriously or is simply not living up to its obligations of diligence in prosecuting its defense." The undersigned shares Judge Lanzillo's concern.

2