IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK-ALONZO WILLIAMS,    )<br>      Plaintiff,    )<br>    )<br>v.    )<br>    )<br>MICHAEL D. OVERMYER, et al,    )<br>      Defendants.    ) | Civil Action No. 17-cv-251<br><br><br><br>District Judge Baxter |

**MEMORANDUM OPINION**

By Order dated June 29, 2023, this Court adopted the Report and Recommendation of Magistrate Judge Richard Lanzillo and directed that trial would be scheduled on Plaintiff's claims related to Administrative Custody Grievance B978002. ECF No. 419. A telephonic scheduling conference had been previously set for that same date. ECF No. 418.

Plaintiff failed to attend the June 29, 2023 conference. When Plaintiff failed to call in to the conference call, court staff attempted to contact Plaintiff at a phone number and at two email addresses that had previously been provided. None of the messages were returned.

Later that same date, this Court directed Plaintiff to show cause for his failure to attend the telephonic conference. Plaintiff was to show cause by July 10, 2023. The order was mailed to his address of record. ECF No. 421. As of today's date, Plaintiff has failed to respond.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. Apr. 24, 2019) *quoting Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling

1

orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.*, *quoting Poulis*, 747 F.2d at 868.

Applying the *Poulis* factors to the present matter, this Court will dismiss this matter. As of today's date, Plaintiff has not taken any of the necessary steps to move this case toward trial of his remaining claims. Because it is a plaintiff's obligation to provide this Court with a current address and Plaintiff has not provided any new address, this Court must assume that the address listed on the docket is still valid. Plaintiff is proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of his claims. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Alternative sanctions, such as monetary penalties or attorney's fees, are generally inappropriate with indigent parties like Plaintiff. *Emerson v. Thiel College,* 296 F.3d 184, 191 (3d Cir. 2002).

This Court finds that two of the *Poulis* factors, as described above, weigh in favor of dismissal based on Plaintiff's failure to prosecute. The merits of the remaining claims were set to go to trial and so that factor weighs against dismissal. The other three *Poulis* factors (the prejudice to the opposing party, the history of dilatoriness, and whether the conduct was willful or in bad faith) are neutral as this case is in its infancy and there is no basis upon which to make any such findings.

So then, two of the six *Poulis* factors weigh in favor of dismissal, one factor weighs against dismissal and the other three of the six are neutral. Not all the six *Poulis* factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Here, the bottom line is that without Plaintiff's participation in the prosecution of his

remaining claims, this case cannot proceed. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute. This dismissal will be without prejudice.

    An appropriate Order follows.